# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **MARTIN E. HUGHES.,**<br>    **Plaintiff,**<br><br>v.<br><br>**CORE CIVIC, INC., et al.,**<br>    **Defendants.** | **Civil Action No. 3:19-cv-00924**<br>**Judge Campbell/Frensley** |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Injunctive Relief. Docket No. 53. The Defendants have filed a Response in Opposition. Docket No. 58. For the reasons stated herein, the undersigned recommends that the Plaintiff's Motion (Docket No. 53) be DENIED.

The moving party has the burden of proving that the circumstances "clearly demand" a temporary restraining order ("TRO") or preliminary injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a TRO or preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014) (internal quotation marks omitted). These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir. Dec. 17, 2009), *quoting Six Clinic Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997).

Among the relief sought by the Plaintiff in this motion is a transfer from the Trousdale

Turner Correction Center to another correctional facility. Docket No. 5. The Plaintiff has raised this issue on previous occasions and the Court has denied his request for such relief. Docket Nos. 5, 15, 48. The Plaintiff has provided no additional factual or legal basis for the Court to disturb its prior rulings.

In addition to his request for a transfer to another facility, the Plaintiff sets forth several complaints regarding his medical treatment and personal property. Docket No. 53. Apart from listing his complaints, Plaintiff offers no additional argument or evidence to support the relief sought. *Id.* As such, the Plaintiff has failed to carry his burden to demonstrate that he is entitled to injunctive relief. There is no evidence that any of the four factors that the Court must consider in deciding to order injunctive relief weigh in favor of granting his motion. As a result, and for the reasons stated above, the undersigned recommends that the Plaintiff's Motion for Injunctive Relief (Docket No. 53) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**