UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN HUGHES,<br> Plaintiff, | )<br>)<br>) |
| V. | )  Civil Action No. 3:19-cv-924<br>)  Judge Campbell/Frensley |
| CORE CIVIC, INC., et al.<br> Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

### I. BACKGROUND

Plaintiff asserts claims under 42 U. S. C. § 1983 regarding his incarceration at the Trousdale Turner Correction Center ("Trousdale"). Docket No. 1, 38. Following the initial screening, the Court allowed Plaintiff's claims under the Eighth Amendment for deliberate indifference to proceed against Core Civic and Defendant Washburn in his individual capacity based on allegations that they failed to protect Plaintiff from threats posed by other inmates who were incarcerated at Trousdale. Docket No. 15.

The Plaintiff has sought injunctive relief on several occasions requesting a transfer from Trousdale to a different facility. Docket Nos. 4, 44, 53. These requests have been denied. Docket Nos. 5, 15, 48, 105. Plaintiff now seeks injunctive relief again based on allegations that he continues to face threats to his safety and security and referencing an alleged assault by other inmates on June 24, 2020. Docket Nos. 78, 95. He argues "evidence exists, old and new, that will prove my life is in very serious danger. . . ." Docket No. 95.

The Defendants have filed a response in opposition to the renewed motion arguing that the Plaintiff has again failed to establish any basis supporting his request for injunctive relief. Docket No. 117. They further argue that he has failed to carry his burden to demonstrate a strong likelihood

of success on the merits, that he will suffer irreparable injury or that granting the motion is in the public interest. *Id.* Therefore, the Defendants assert that the Plaintiff's motion should be denied.

## II. LAW AND ANALYSIS

### A. Injunctive Relief

The moving party has the burden of proving that the circumstances "clearly demand" a TRO or a Preliminary Injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a preliminary injunction or TRO "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retied Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014)(*en banc*)(internal quotation marks omitted).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical*

*Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

The plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). Further, where a prison inmate seeks an order enjoining state prison official, this court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See, Kendrick v. Bland*, 740 F. 2d 432, 438, n. 3 (6th Cir. 1984).

B. The Case at Bar

Plaintiff's request for injunctive relief essentially mirrors his previous requests. However, in addition to the generalized complaints about Defendants deliberate indifference, Plaintiff asserts that on June 24, 2020, he was attacked by gang members "chased around, beaten, robbed and is still being harassed for more money for protection." Docket No. 78. Plaintiff contends that the conduct would have been captured by video surveillance and that his "life, safety and wellbeing is in serious danger daily." *Id.* He contends that he has been denied housing in protective custody and appropriate medical care. *Id.*

Analyzing the facts supporting injunctive relief, the Defendants contend that the Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claims and that they were deliberately indifferent to threats to his safety and security. Docket No. 117. They argue that Plaintiff cannot establish an unconstitutional custom, policy, or practice of failing to provide inmates with protection from threats by other inmates. *Id.* They argue that the Plaintiff has not connected any claim to policy, continued violation of his constitutional rights or demonstrated that he incurred injury as a result of any policy or custom. *Id.* Additionally, they assert that Defendant

3

Washburn was no longer employed as a warden at Trousdale on June 24, 2020, and therefore did not have any connection to the alleged failure to protect Plaintiff. *Id.* Defendants further assert that Plaintiff cannot establish that they were deliberately indifferent to ensuring his reasonable safety and security and that there is no documentation in his records of any threats made by other inmates regarding the alleged assault on June 24, 2020. *Id.* These reasons, they contend, fail to establish as strong or substantial likelihood of success on the merits of his claims against Defendants. *Id.*

The Defendants also assert that the Plaintiff has failed to demonstrate irreparable harm. *Id.* They argue that while he asserts in his pleadings he is in imminent danger, this is nothing more than speculation and he does not point to any evidence tending to show irreparable harm based on the alleged threats of other inmates. *Id.* Finally, Defendants assert that the interest of third parties and the public weigh against granting injunctive relief in so far as the day to day operations of the department are areas the Court should decline to interfere with. *Id.* They assert that the claims alleged by Plaintiff are better left to the prison officials at the facility. *Id.*

As with Plaintiff's previous submissions he has failed to meet the high burden for obtaining injunctive relief. While the Plaintiff asserts that certain evidence will support his claims specifically, related to the alleged assault on June 24, 2020, Plaintiff has failed to present any such evidence at this time. As with his previous submissions, Plaintiff has failed to demonstrate a strong likelihood of success on the merits based on his failure to plead with support of his allegations that the Defendants, acting pursuant to a policy, practice or custom, were deliberately indifferent to protecting him from the alleged assault on June 24, 2020. Further, to the extent that Defendant Washburn was no longer employed as the warden at Trousdale Plaintiff cannot establish that he was deliberately indifferent to Plaintiff's safety and security. Similarly, Plaintiff's allegations are insufficient to establish that he is in imminent danger and he does not point to any evidence beyond

4

Case 3:19-cv-00924   Document 157   Filed 03/18/21   Page 4 of 5 PageID #: 1509

his own statements tending to show any irreparable harm that he would suffer based on the alleged threats of other inmates. Finally, given Plaintiff's other deficiencies with his claim for injunctive relief, the Court is reluctant to intervene in the day to day activities of the prison and belief that Plaintiff's claims regarding his safety and security are more appropriately left to prison officials at the facility to resolve based on the needs of the facility.

### III. CONCLUSION

WHEREFORE, for all the foregoing reasons, Plaintiff has failed to establish he is entitled to injunctive relief and therefore the undersigned recommends that his renewed motion for injunctive relief (Docket No. 95) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**