IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARTIN HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:19-cv-00924 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| CORE CIVIC, INC., et al., | ) | FRENSLEY |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 157) recommending the Court deny Plaintiff's Motion to Renew Injunctive Relief (Doc. No. 95). Plaintiff filed objections to the Report and Recommendation (Doc. No. 166, 167), and copies of certain medical files and requests for medical care that Plaintiff has entitled "Affidavits in Support of Doc. No. 157." (Doc. No. 168).

After a *de novo* review, and for the reasons stated herein, Plaintiff's objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation is **APPROVED AND ADOPTED**. Accordingly, Plaintiff's Motion to Renew Injunctive Relief (Doc. No. 95) is **DENIED**.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections

to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 65 governs the Court's authority to grant a preliminary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also*, *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion").

"In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether issuance of the injunction would cause substantial harm to others; (4) whether the public interest would be served by issuing the injunction." *Overstreet* 305 F.3d at 566 (citing *Leary*, 228 F.3d at 736). These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, No. 08-3832, 2009 WL 4981688, at * 17 (6th Cir. Dec. 17, 2009) (quoting *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)). Nevertheless, the factors do not carry equal weight. The third factor, irreparable harm, "is a *sine qua non* for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 Fed. App'x 964, 967 (6th Cir. 2002). Furthermore, a finding that there is no likelihood of success on the merits is "usually fatal." *Gonzalez v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

## II. BACKGROUND

Plaintiff, an inmate at Trousdale Turner Correction Center ("Trousdale"), brings claims bringing claims under 42 U.S.C. § 1983 alleging violation of his rights under the Eighth Amendment based on Defendants alleged failure to protect him from threats of harm by other inmates. (*See* Doc. Nos. 1, 38). Plaintiff's Motion to Renew Injunctive Relief requests the Court order Defendants to transfer him to a different facility. (Doc. No. 78, 95). The Court has previously denied several requests for the same relief. (Doc. Nos. 5, 15, 48, 105). Plaintiff's most recent request for injunctive relief states that "evidence exists, old and new, that will prove [his] life is in very serious danger from not only gang members here at Trousdale, but also from certain staff members too" and that "issues new and some filed under seal will soon be exposed." (Doc. No. 95). Plaintiff again seeks transfer "to safety somewhere in T.D.O.C." (Doc. No. 78; *see also*, Doc. No. 95). Plaintiff states that his requests to be placed in protective custody have repeatedly been denied and that he was attacked by gang members in his cell on June 24, 2020, and continues to face harassment from other inmates. (Doc. No. 78). Plaintiff also claims that he is receiving "zero medical care at all." (*Id.*)[1].

Defendants filed a response in opposition to Plaintiff's Motion to Renew Injunctive Relief arguing that Plaintiff failed to carry his burden to demonstrate a strong likelihood of success on the merits of his remaining claims, that he will suffer irreparable injury absent injunctive relief, or

---

[1] In the same filings that request injunctive relief, Plaintiff refers numerous times to his requests for discovery. For example: "I again ask this court for discovery compliance with defense counsel" (Doc. No. 78); "Defense Counsel denies unjustly providing this court the necessary evidence to support my claims" (Doc. No. 95). Discovery issues are not an appropriate subject of injunctive relief. For purposes of this review, the Court considers only Plaintiffs request for injunctive relief to be transferred to a different facility. To the extent there are unresolved discovery issues, Plaintiff shall raise those issues before the Magistrate Judge in an appropriate manner.

3

that granting his motion is in the public interest. (Doc. No. 117). Defendants further argue that the Court is without authority to order Plaintiff's transfer to a different correctional facility. (*Id*.).

In support of their opposition to Plaintiff's requested relief, Defendants submitted declarations by Russell Washburn (Doc. No. 125 (signed version)) and Vincent Vantell, assistant warden at the Trousdale facility (Doc. No. 118).[2] Vincent Vantell states that Trousdale maintains policies and procedures designed to protect inmates from credible threats by other inmates and that those policies require an immediate inquiry to determine whether the threats are substantiated and whether protection is needed. (Doc. No. 118, ¶ 9). Vantell states that the policies require employees to fully and immediate document information received regarding threats to inmates and that Plaintiff's file contained no record of any threats related to the alleged assault on June 24, 2020. (*Id*., ¶¶ 11, 12). Copies of three relevant written policies are attached as exhibits to Vantell's Declaration. (*Id*., Ex. A (Inmate/Resident Rights); Ex. B. (Use of Force & Restraints); Ex. C. (Protective Services)). Russell Washburn states that was no longer employed at the Trousdale facility on June 24, 2020, and had no involvement with the alleged assault on that date. (Doc. No. 25, ¶ 3).

### III.   The Report and Recommendation

The Magistrate Judge found that Plaintiff "failed to meet the high burden for obtaining injunctive relief," noting that Plaintiff did not present any evidence other than his own statements in support of his claim that remaining at Trousdale would subject him to imminent danger. Examining Plaintiff's likelihood of success on the merits of his underlying claims, the Magistrate noted that Plaintiff did not submit any evidence related to alleged assault on June 24, 2020, or in support of his claims that Defendants were deliberately indifferent to protecting him from the

---

[2]   Plaintiff filed responses to the Declarations. (Doc. Nos. 126, 127).

alleged assault. (Doc. No. 157 at 4). In addition, the Magistrate Judge noted that Defendant Washburn, who Plaintiff sued in his individual capacity, was no longer employed at Trousdale on June 24, 2020, and therefore unlikely to have been responsible for failing to protect Plaintiff from assault on that date. (*Id*.).

### IV. Plaintiff's Objections[3]

Plaintiff objects to the Report and Recommendation on grounds that he facing "very serious danger," that the prison has "unspoken policies" that have created a "dangerous condition of confinement issue." (Doc. No. 166 at 1). Plaintiff objects to the finding that he has failed to present evidence to support his underlying claims, arguing that it is unfair to penalize him for not producing evidence of his claims when Defendants lost the film footage of the June 24, 2020 assault and have otherwise failed to provide requested discovery materials. (*Id*. at 2; Doc. No. 167 at 1). He also contends that he did present evidence in support of his claims, that was not considered by the Magistrate Judge. He points to a letter he wrote to the warden requesting an investigation of the alleged June 24, 2020 assault. (*See* Doc. No. 167 at 2 (referring to a document filed by Defendants with regard to a discovery dispute (Doc. No. 120-1)). He also contends his teeth being knocked out during the assault constitutes irreparable harm and delays to medical and dental care constitute deliberate indifference. (Doc. No. 167 at 3).

In addition to the objections to the Magistrate Judge's conclusions, Plaintiff attempts to supplement the record with copies of certain medical files and requests for medical care (Doc. No. 168) and a signed Declaration from Thomas Jefferson Church, a fellow inmate who claims to have been one of the gang members who assaulted Plaintiff. (Doc. No. 166 at 3). Plaintiff also

---

[3] Plaintiff raises a number of issues related to purported discovery disputes between the parties which are not relevant to the Court's review of the Report and Recommendation on Plaintiff's motion for injunctive relief.

challenges the truthfulness of the statements made by Mr. Vantell regarding jail policies and procedures on protective custody and states that he wants to depose Mr. Vantell and other unspecified witnesses "on this issue." (Doc. No. 167 at 1). None of this evidence or argument was presented to the Magistrate Judge for consideration.

Plaintiff's objections are overruled. First, the Court will not consider objections to a Report and Recommendations that were not first raised before the magistrate judge. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (citing *Ward v. United States*, 208 F. 3d 216 (table) (6th Cir. 2000) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived."). The newly presented evidence was not before the Magistrate Judge and cannot serve as grounds for objection to his recommendations.

However, even if the Court were to consider Plaintiff's new arguments and evidence, he has not met the substantial burden required to show entitlement to injunctive relief. None of the evidence presented shows a likelihood of irreparable harm, which, as noted above is "a *sine qua non* for issuance of an injunction." *See Patio Enclosures*, 39 Fed. App'x at 967. Although Plaintiff claims he was assaulted in June 2020, there is no clear indication that he faces ongoing threats to his safety. Accordingly, this factor weighs against the issuance of an injunction.

The Court also finds that Plaintiff has failed to show a likelihood on of success on the merits on his underlying claim. A claim for violation of the Eighth Amendment based on a theory of failure to protect requires a plaintiff to establish a prison official's "'deliberate indifference' to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference framework includes both an objective and subjective prong. *Id*. at 834. Under the objective prong, the plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021). The subjective

prong requires a plaintiff to show the official was "subjectively aware of the risk" and "fail[ed] to take reasonable measures to abate it." *Id*. Additionally, to find a municipality liable for a constitutional violation under Section 1983, a plaintiff must show both a violation of a constitutional right and that the "moving force" behind the alleged violation was a municipal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v, Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).

As an initial matter, evidence of an assault in June 2020 and select requests for medical care during 2017 and 2020 are insufficient to establish that that Defendants acted with deliberate indifference to Plaintiff's safety. Nor has Plaintiff provided evidence that that an official policy or custom was the cause of the alleged constitutional violation. were deliberately indifferent to his safety or that they action pursuant to a policy practice or custom were the cause of harm to Plaintiff. While Plaintiff may ultimately be able to prove his claims, at this juncture, he has not submitted evidence sufficient to show likelihood of success on the merits.

Finally, public policy reasons weigh against granting the injunctive relief requested. It is generally in the public interest for courts to refrain from becoming involved in day-to-day prison operations. *Downer v. Bolton*, No. 3:17-CV-P341-CRS, 2017 WL 4782682, at * 2 (W.D. Ky. Oct. 23, 2017) (denying motion for injunctive relief seeking transfer to another prison); *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933 at * 7 (E.D. Ky. Nov. 30, 2010) (finding judicial interference in prison operations is necessarily disruptive and would harm the public interest); *Clay v. Isard*, No. 2:09-cv-209, 2010 WL 565121, at * 2 (W.D. Mich. Feb. 10, 2010) (denying injunctive relief noting that "in the context of a motion impacting matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction").

For the reasons stated above, the Court agrees with the Magistrate Judge that all of the relevant factors counsel against granting Plaintiff's requested injunctive relief. Accordingly, the Report and Recommendation (Doc. No. 157) is **ADOPTED** and **APPROVED** and Plaintiff's Motion to Renew Injunctive Relief (Doc. No. 95) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE