IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN HUGHES,<br>    Plaintiff, | )<br>)<br>) |
| V. | )    Civil Action No. 3:19-cv-924<br>)    Judge Campbell/Frensley |
| CORE CIVIC, INC., et al.<br>    Defendants. | )<br>) |

**ORDER**

Pending before the Court are two motions to seal filed by the pro se Plaintiff in this matter. Docket Nos. 204 and 207. For the reasons set forth herein, the Plaintiff's motions are **DENIED**.

**LAW AND ANALYSIS**

    A.    **Motions to Seal**

This court applies the following standard for sealing documents in the record: "[t]he proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v Federal Home Loan Mortgage Co.,* 628 Fed. Appx. 202, 207 (6th Cir. 2016) (quoting *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F. 3d 299, *3 (6th Cir. 2016). A protective order in a case is insufficient cause for sealing a document. *Id*. Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence … is typically enough to overcome the presumption of [public] access." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F. 3d 589, 594-95 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F. 3d 544, 546 (7th Cir. 2002)).

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F. 2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.*

For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F. 2d 470, 476 (6th Cir. 1983). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp.*, 825 F. 3d at 305.

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F. 3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F. 2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307.

In order to support sealing, the requesting party must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by recognized privilege, and information required by statute to be maintained in confidence is generally enough to overcome the presumption of public access. Whether a

2

document is designated "confidential" pursuant to a protective order is insufficient basis to support sealing.

B. **The Case At Bar**

The pro se Plaintiff has filed two motions to seal that are currently pending before the Court. Docket Nos. 204 and 207. The substance of the pleadings appears to generally relate to his claims which have been set forth in great detail throughout this litigation. The pleadings further address matters previously raised by the Plaintiff such as his request to stay the proceedings and proposal for transfer to another facility. *Id.*

The Plaintiff has failed to set forth any basis for which to seal the information contained in the two motions. Having reviewed the documents, the Court does not see any basis upon which to seal these pleadings. To the extent that the Plaintiff arguably suggests that the information contained in the pleadings would somehow put him at risk of retaliation, the Court again notes that the substance of these documents appears to have been set forth in great detail in numerous pleadings in this action previously. Finally, Plaintiff has represented that he has been granted parole and is set to be released on December 6, 2021. Docket No. 209. Thus, even to the extent that Plaintiff may somehow be arguing that he would be at risk for retaliation within the institution were these matters to be unsealed, his release from custody would tend to negate that concern.

For the reasons set forth herein, the Plaintiff's motion to seal (Docket Nos. 204 and 207) are DENIED.

**IT IS SO ORDERED.**

JEFFERY S. FRENSLEY
**United States Magistrate Judge**